Pettibone, J.,
delivered the opinion of the Court,
This was an action of covenant. After some special pleas, the defendant, at the second term,, pleaded puis darrien continuance, that plaintiff had been discharged under the insolvent act; to which plea there was a demurrer, which demurrer was overruled, and judgment given for defendant. Writ of error brought, to reverse that judgment. The plea puis darrien contimiance, is a relinquishment of all preceding pleas. The issue, then, rested merely,-in this case, on the demurrer. We are of opinion, the demurrer was well taken. The plea was neither good in bar or abatement. There can be no distinction, in principle, between a suit prosecuted by an. insolvent, after his discharge, under our statute, and hy a bankrupt under the English statutes. Both statutes vest the interest in the property, and dioses in action,, in the trustees and assignees. But it is well settled, that if a bankrupt commences a suit, prior.to his bankruptcy, it shall go on in his name afterwards. There is no hardship in this. A recovery by the bankrupt or insolvent, would be a bar to> *295 any future proceedings, for file same cause of action, against defendant. The Court can protect the lights of the trustees, and order the money to be paid over to them without their nominally being made plaintiffs in the suit. It would, therefore, prevent delay, to allow the suit to proceed in the name of the insolvent, and can work no possible injury to defendant. If any injury can arise, it is to the trustees; and it is not for the defendant to interfere in their- behalf, so long as they have no objections themselves.
The demurrer must be sustained, and the cause remanded to the Court below, with directions to that Court, to award a writ of inquiry, to ascertain the damages of the plaintiff, by reason of the breach of covenant, alledged in the declaration; and the plaintiff must recover his costs on this writ of error.
[Note. — In this case, a question was made, whether a plea puis darrien continaance could, after judgment, be withdrawn, and the party pleading it be allowed to plead over any matter of defence, arising prior to the said plea of puis darrien continuance. I am clearly of opinion, that he canned. The judgment of this Court, therefore must be peremptory: that the judgment of the Court below be reversed, and the cause remanded, with orders to enter judgment for the plaintiff, on the demurrer to the plea of pais damen continuance; and that the said Court award a writ of inquiry, to inquire of the damages of the plaintiff, &c.]